# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### WESTERN DIVISION

BOBBY E. WILSON, JR., #52274                                                    PETITIONER

VERSUS                                              CIVIL ACTION NO. 5:13-CV-78-DCB-MTP

STATE OF MISSISSIPPI, ET AL.                                                   RESPONDENTS

### ORDER OF TRANSFER  PURSUANT TO 28 U.S.C. § 1631

This matter comes before the Court, *sua sponte*, for consideration of the transfer of this

cause.  On May 29, 2013, Petitioner Wilson, an inmate of the Mississippi Department of

Corrections (MDOC), filed this *pro se* Petition for habeas corpus relief pursuant to 28 U.S.C.

§ 2254.  Wilson is currently incarcerated based on a 2004 conviction for robbery entered by the

Circuit Court of Warren County, Mississippi.  Wilson was sentenced as a habitual offender and

is currently serving a term of life imprisonment.

In this Petition, Wilson states that he is challenging a 1994 conviction for burglary of an

automobile also entered by the Circuit Court of Warren County.  Wilson pled guilty to the charge

and received a five-year sentence in the custody of the MDOC, which he completed on August 1,

1997.  As grounds for relief, Wilson claims (1) actual innocence, (2) ineffective assistance of

counsel and (3) involuntary guilty plea.  Wilson acknowledges that he has already served the

sentence imposed for the automobile burglary conviction.  However, he is requesting "vacation

of the conviction and sentence" presumably in an effort to invalidate his current habitual

offender status and resulting term of life imprisonment.  Pet. [1] at 23.

In order to obtain habeas relief pursuant to 28 U.S.C. § 2254, a petitioner must be "in

custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or

treaties of the United States."  28 U.S.C. § 2254(a).  A petitioner is "not 'in custody' under a

conviction for the purpose of § 2254 relief where the sentence imposed for that conviction has fully expired." *U.S. v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004)(citing *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)). However, the "in custody" requirement can be satisfied "when a habeas petitioner attacks an expired conviction used to enhance his current punishment if the § 2254 petition can be read as a challenge to the current conviction." *Godfrey v. Dretke*, 396 F.3d 681, 684 (5th Cir. 2005).

As stated above, Wilson makes clear that he has completed the sentence imposed for his 1994 automobile burglary conviction. Thus, in order for the instant petition to meet the "in custody" requirement, the petition must be considered a challenge to Wilson's current robbery conviction. *See Dilworth v. Johnson,* 215 F.3d 497, 500 (5th Cir. 2000). If the Court considers the instant petition to be a challenge to the current robbery conviction, thus satisfying the "in custody" requirement, the Court must also decide if the petition is a second or successive petition. *See* 28 U.S.C. § 2244*; Frost v. Armstrong*, No. 01-60982, 2002 WL 31688867, *1 (5th Cir. Oct. 29, 2002)(finding district court lacked jurisdiction over habeas application attacking an expired conviction used to enhance a current sentence because it was successive).

A petition is successive when it asserts a claim "that was or could have been raised in an earlier petition." *Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009)(citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998))(internal quotations omitted). Wilson previously sought and was denied federal habeas corpus relief for his 2004 robbery conviction. *See Wilson v. Epps*, No. 5:07-cv-165 (S.D. Miss. July 26, 2010), *aff'd,* No. 10-60648 (5th Cir. 2011), *cert denied*, No. 11-6896 (2012). In his previous habeas case challenging the 2004 robbery conviction, the Court rejected Wilson's attempt to include essentially the same claims regarding his 1994

2

automobile burglary conviction that he is presenting in the current petition. Any challenge to the constitutionality of Wilson's habitual offender status based on his prior automobile burglary conviction was clearly available to him when he filed his initial habeas application. Thus, the Court finds the instant Petition to be a successive petition within the meaning of 28 U.S.C. § 2244. *See Propes v. District Attorney Office*, 445 F. App'x 766, 767 (5th Cir. 2011)(finding current habeas petition successive because the errors alleged by the petitioner occurred at trial or before he filed his first federal habeas petition).

A petitioner who is filing a second or successive motion for habeas relief must first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion. 28 U.S.C. § 2244(b)(3)(A). Wilson has failed to submit any documentation demonstrating that he has obtained the required authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit. Therefore, the Court has determined that in the interest of justice, pursuant to 28 U.S.C. § 1631, this cause should be transferred to the Fifth Circuit for a determination whether this successive Petition should be allowed. *See In re Epps*, 127 F.3d 364 (5th Cir. 1997). Accordingly, it is hereby,

ORDERED that this Petition for habeas corpus relief be, and the same hereby is, transferred to the United States Court of Appeals for the Fifth Circuit.

IT IS, FURTHER ORDERED, that the Clerk of Court is directed to close this case pending the decision of the United States Court of Appeals for the Fifth Circuit.

SO ORDERED, this the 10th day of  June , 2013.

s/David Bramlette
UNITED STATES DISTRICT JUDGE